Nicholson, C. J.,
delivered the opinion of the Court.
The bill in this case is filed by the administrator, cum testamento annexo, of the late Judge E. Alexander, praying for a construction of his will, and asking for instructions as to the execution of his trust. The will is as follows:
“First. It is my will and desire that any just debts I owe shall be paid speedily and promptly by my executor.
“Secondly. In order to enable my dear wife, Margaret, to raise and educate our children, I do give and bequeath to her all my property, both real and personal, to have, manage and use during her natural life, and at her death, to be equally divided among all my children. None of my property shall be sold without my wife’s consent, and I do not desire a public sale of anything.”
After appointing his wife his executor, he executed the will, and afterwards made a codicil, in the following words: “It is my will, that, if my wife should die be-' fore our youngest children are raised and educated, they shall be entitled to as much more than the other children, as will raise and educate them. This is to constitute part and parcel of my will.”
*657 Testator died, leaving his wife and eight children surviving him. One of his sons, Charles Alexander, died, leaving an infant daughter, Lucinda D. Alexander. Af-terwards the widow of testator died.
The question for our determination is, whether or not the child of Charles Alexander, deceased, takes any share in the estate of the testator.
It is maintained, in behalf of Lucinda D. Alexander that the widow, Margaret Alexander, took an absolute estate in the property, and hence, that Lucinda is entitled to a share of said estate, as an heir and distributee of said Margaret. The argument is, that the widow, by the terms of the will, is vested with the power of disposing absolutely of the entire estate, and hence, that the limitation over to the children was defeated. This consequence would certainly follow, if the widow had the unlimited power of disposal of the estate. But we can not concur in this construction of the will. It was clearly the intention of the testator to vest in his widow only a life estate; but, for the purpose of raising and educating their children, she was vested with discretionary power in the use and management of the property. These powers were vested in her, to enable her to effectuate the leading object of the testator, which was the raising and educating of their children. It was further the intention of the testator, that his widow should exercise her discretion, as to selling any of the property, or keeping it altogether; but if she should elect to sell any, he requires it not to be a public sale. There is no unlimited power of disposition intended by this direction of the will. He anticipated that it might be necessary *658 to sell property, either to pay debts, or in raising and educating bis children; and his object was to have such sale only with the consent of his wife, and then not publicly.
It is next maintained for the defendant, Lucinda, that, upon the death of testator, the interest in his estate vested in each of his children then living, as tenants in common, subject to the life estate of the widow. As the father of Lucinda was lining at. the death of testator, it is asserted that an interest in the estate vested in him, which, upon his death, was transmitted to her. If the position insisted upon is tenable, the consequence stated is inevitable.
On the other hand, it is maintained, for the other defendants, that the children of testator 'take under his will, as a class, and, therefore, that defendant, Lucinda, being a grand-child, and so not belonging to the class, could take no interest.
It is manifest, that, upon an ordinary limitation by way of remainder to children in a class, all who ar,e in esse at the time of the death of the testator, take vested and consequently transmissible interests immediately upon testator’s death. 2 Wins. Ex’rs, 937. ' But if there be words of survivorship in the will, which shows that the intention of testator was, that the children, living at the death of the tenant for life, shall take the entire estate, then, although the interest of each of the children was vested at the death of the testator, yet, such interest would not be transmissible upon the death of any child during the tenancy, for life; but such interest would go by survivorship to the children who *659 survived the tenant for life; Bridgewater v. Gordon, 2 Sneed, 5.
So, in the ease before us, upon the death of testator, his widow took an estate for life, and his children then living, took vested interests as a class, subject to the life estate. The son, Charles, took a vested interest, and that interest was transmitted to his daughter, Lucinda, upon his death, during the life of the tenant for life, unless it appears by the words of the will, that it was testator’s intention that Charles’ interest should survive to his brothers and sisters.
In support of the position that the interest of Charles survived, and was not transmitted, the case of Satterfield v. Mayes, 11 Hum., 58, is relied on. In that case the language of the will was: “I lend to my daughter, Betty Mayes, one negro girl named. Letice, during her natural life; and, after her death, she and her increase to be equally divided between her daughters.”
Judge McKinney, in his opinion, says: “Regarding it as a vested remainder, as we do, the'question is, when and in whom does the interest vest? To which we answer, that it vests in the described class, as a class, and not individually in the persons composing such class; and the entire subject of the gift survives to and vests in the persons constituting such class, at the time when payment or distribution of the fund is to be made.” The decision rests upon the construction of the words, “to be divided equally among her daughters;” and these words are construed to indicate the intention of the testator, that the interest should survive, and not be trans- *660 mifcted. It is only upon such construction of the words that the case could be taken out of the provisions of section 2010 of the Code, abolishing survivorship in joint tenancies, and converting them into tenancies in common.
But in the case before us, in addition to the words, “at her death to be equally divided among all my children,” we have the following words: “If my wife should die before our youngest children are raised and educated, they shall be entitled to as much more than the other .children as will raise and educate them.” And it is maintained for defendant, Lucinda, that a proper construction of this additional clause takes this case out of the operation of the decision in Satterfield v. Mayes, and brings it within the rule laid down in the latter case of Bridgewater v. Gordon, 2 Sneed, 5.
The language of the testator, in the case of Bridgewater v. Gordon, was as follows: “At the death or marriage of my said wife, it is my will that my estate be equally divided between my children, share and share alike, having a just and equitable regard to such portions of property as may have been given to any of them by my wife, as'afore mentioned, so' that no one of them may receive more than another.”
In giving the opinion of the Court, Judge Totten referred to the case of Satterfield v. Mayes, and said: “ It seems to us that the principles of the case' of Satterfield v. Mayes only apply in the case of an aggregate fund given to a class of persons as a unit, or who take a joint interest in the fund. But where an estate is given to. A, for life, with a several and vested interest *661 in' remainder to her children, each of the children has a transmissable interest, and upon .his death during the continuance of the life estate, such interest will go to his heir or representative, according as the estate is real or personal, unless, indeed, there be words of survivor-ship which show the intention to be, that the children living at the death of the tenant for life, shall take the entire estate.” Upon the language of the will, “to be equally divided” between testator’s children, “share and share alike,” Judge Totten held, that “the children took a several interest in the estate in remainder, as tenants in common.”
The distinction between the cases of Satterfield v. Mayes and Bridgewater v. Gordon, is by no means clear and palpable; but as we understand the principles on which they respectively rest, they are not in conflict. In the former case, the testator gave an aggregate fund to a class of persons as a unit, and who took a joint interest in the fund; each person of the class took an • interest in the entire fund. That being so, the doctrine of survivorship was properly applied.
In the latter case, the testator gave an aggregate fund to a class of persons, but not as a unit, and they were not to take a joint, but a several interest. This is deducible from the authority given to a tenant for life to make advancements to those interested, and from the fact that, after the termination of the life estate, the advancements made were to be accounted for, and the estate divided equally, share and share alike, among the parties in interest.
We hold that a proper construction of the will of *662 Judge Alexander brings the case before us within the principles which governed the case of Bridgewater v. Gordon. He gave to his wife a life estate; to his children he gave a remainder in an aggregate fund, which vested at the death of testator, and he gave it to them as a class, but not as a unit, and not to have a joint but a several interest, as tenants in common. We deduce this conclusion from the intention clearly conveyed, in providing for an equal division among his children; and in giving to his wife the power to use and appropriate the fund to the raising and education of all his children; which power necessarily implies that the fund might be appropriated by her in unequal proportions, for the raising and education of the several children, and also from the provision of the codicil, giving to the younger children not raised and educated at the death of his wife, as much more than the others, as would raise and educate them. These provisions are inconsistent with the assumption that the children took as a unit, having a joint interest in the estate. They took, therefore, as a class; but they took several interests as tenants in common, and each one took a vested interest, which was transmissable.
Our conclusion is, that the daughter of Charles Alexander is entitled to a share in the real and’ personal estate of her grandfather.
We reverse the Chancellor’s decree, with costs, and remand the cause.